UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT M. REIGER,

                   Petitioner,

    v.

DWIGHT NEVENS, et al.,

                  Respondents.

Case No. 3:12-cv-00218-MM-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This action comes before the Court regarding petitioner's motion for leave to file a supplemental petition (dkt. no. 20), respondents' motion to dismiss the first amended petition (dkt. no. 30), respondents' motion to strike (dkt. no. 43), petitioner's motion to submit a supplemental response in opposition to the motion to dismiss (dkt. no. 45), and responses and replies to those motions.

I.    **PROCEDURAL HISTORY**

Petitioner was bound over following a preliminary hearing, and the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada, charging petitioner with a single count of trafficking in a controlled substance and a single count of possession of a controlled substance with the intent to sell. (Exhibits 13, 14, 16.)[1] Count 1, the trafficking count, alleged that petitioner "possess[ed], either

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 31-34.

1     actually or constructively, 28 grams or more, to wit, approximately 85.8 grams of

2     methamphetamine, or any mixture of substance consisting of approximately 85.8 grams

3     containing the controlled substance methamphetamine." (Exhibit 16, at p. 2.)  Count 2,

4     the possession with intent to sell count, charged petitioner with possessing heroin,

5     noting his prior convictions for trafficking from 1997 and for attempt to possess

6     controlled substance (cocaine) from 1990. (*Id.*)

7         Trial began on January 31, 2007, and ended on February 1, 2007.  (Exhibits 28 &

8     29.) The jury returned a guilty verdict on both counts.  (Exhibit 30.) The state then filed a

9     notice of intent to seek habitual offender treatment under NRS 207.010.  (Exhibit 31.)

10       At sentencing, the state district court found petitioner eligible for treatment as a

11     habitual offender. (Exhibit 32.)  However, the state district court only applied the habitual

12     offender finding to Count I of the information.  (Exhibit 32, at pp. 6-7.)  The state district

13     court imposed a sentence of life in prison with parole eligibility after serving ten (10)

14     years on Count 1.  (*Id.*)  On Count 2, the state district court imposed a maximum term of

15     180 months, with parole eligibility beginning after a minimum term of 60 months.  (*Id.*)

16     The court ordered that the sentence on Count 2 be served concurrent to Count 1.  (*Id.*)

17     The judgment of conviction was filed on April 6, 2007.  (Exhibit 33.)

18       Petitioner filed a notice of appeal.  (Exhibit 34.) Petitioner filed an opening brief

19     on March 3, 2008. (Exhibit 49.) On October 22, 2008, the Nevada Supreme Court

20     issued an order affirming petitioner's convictions. (Exhibit 53.) Remittitur issued on

21     November 18, 2008.  (Exhibit 54.)

22       On March 24, 2009, petitioner filed a motion in *pro per*, seeking an order setting

23     aside his verdict for insufficient evidence under NRS 175.381.  (Exhibit 56.) After filing

24     his motion, petitioner retained counsel to represent him in his state post-conviction

25     habeas proceedings.  (Exhibit 59.) Counsel asked that petitioner's motion be taken off

26     the calendar and that she would re-file it at a later date, if appropriate. (Exhibit 15, at p.

27     3.) Through counsel, petitioner filed a post-conviction petition for a writ of habeas

28     corpus in the state district court on October 23, 2009.  (Exhibit 57.)

1    Petitioner subsequently filed a substitution of attorney, substituting himself in
2    place of his attorney. (Exhibit 62.) Petitioner then filed a *pro per* document entitled
3    "Memorandum of Points and Authorities in Support of Petitioner's Amended Petition for
4    Writ of Habeas Corpus and an Evidentiary Hearing." (Exhibit 63.)  In the memorandum,
5    petitioner raised additional claims.   (*Id.*) On August 8, 2010, the state district judge
6    entered an order denying the petition.  (Exhibit 67.)

7    Petitioner filed a notice of appeal. (Exhibit 72.) Petitioner's appeal was
8    designated as *a pro per* appeal, and he did not file a motion for the appointment of
9    counsel with the Nevada Supreme Court. (Exhibit 69.) The Nevada Supreme Court
10   determined that the record was sufficiently developed in the state district court and full
11   briefing was not necessary. (Exhibits 73 & 74.) By order filed March 7, 2012, the
12   Nevada Supreme Court issued an order affirming the denial of petitioner's post-
13   conviction habeas petition. (Exhibit 75.) Petitioner did not seek reconsideration or
14   rehearing. (Exhibit 69.) Remittitur issued on April 4, 2012. (Exhibit 77.)

15   Petitioner dispatched his original federal habeas petition to this Court on April 2,
16   2012. (Dkt. no. 1, at p. 1.) On September 25, 2012, the Court directed respondents to
17   file an answer or other response to the petition.  (Dkt. no. 11.)  On October 26, 2012,
18   petitioner sought leave to amend his petition. (Dkt. no. 15.) On October 22, 2012,
19   petitioner dispatched to this Court a first amended petition containing Grounds 1-9 (dkt.
20   no. 15-1), a supplemental petition containing Grounds 10, 11, and 12 (dkt. no. 15-3, at
21   pp. 1-11), two memoranda in support of his claims (dkt. nos. 15-2 and 15-3, at pp. 13-
22   24), and exhibits consisting of portions of the state court record (dkt. no. 15-3, at pp. 25-
23   124 and dkt. no. 15-4), collectively referred to herein as the "first amended petition."  By
24   order filed November 20, 2012, this Court granted petitioner's motion to file an amended
25   petition. (Dkt. no. 18.) The Court ordered respondents to file a response to the first
26   amended petition.  (Dkt. no. 18, at p. 2.)

27   On January 18, 2013, petitioner filed a motion for leave to file a supplemental
28   petition, containing proposed grounds 13, 14, 15, and 16. (Dkt. nos. 20 & 20-1.)

3

1   Respondents opposed petitioner's motion.  (Dkt. no. 35.)  Petitioner filed a reply.  (Dkt.

2   no. 38.) Petitioner filed a supplemental response to the reply.   (Dkt. no. 42).

3   Respondents then filed a motion to strike petitioner's supplemental response to the

4   reply. (Dkt. no. 43.)  Petitioner opposed the motion to strike. (Dkt. no. 46).

5          On April 11, 2013, respondents filed a motion to dismiss the first amended

6   petition. (Dkt. no. 30.) Petitioner opposed the motion to dismiss. (Dkt. no. 39.)

7   Respondents filed a reply regarding the motion to dismiss. (Dkt. no. 41.) Petitioner then

8   filed a request to submit a supplemental response in opposition to the motion to

9   dismiss. (Dkt. no. 45.) Respondents opposed petitioner's motion. (Dkt. no. 47.)

10  Petitioner filed a reply.  (Dkt. no. 49.)

11  II.    **DISCUSSION**

12         A.    **Respondents' Motion to Strike (dkt. no. 43) and Petitioner's Motion to**
13               **Submit a Supplemental Response (dkt. no. 45)**

14         On August 5, 2013, respondents filed a motion for an order striking document

15  number 42 on the Court's docket, which is entitled petitioner's "supplement to response

16  in opposition to motion to dismiss and supplement to reply to respondents' response to

17  motion for leave to amend and supplement."  (Dkt. no. 43.) Thereafter, on August 15,

18  2013, petitioner filed a motion to submit a supplement response in opposition to the

19  motion to dismiss. (Dkt. no. 45.)

20         Local Rule 7-2 of the Local Rules of Civil Practice permits the filing of a motion, a

21  response, and a reply. A document not allowed by Local Rule 7-2, or otherwise

22  permitted by order of this Court, is a fugitive document and must be stricken from the

23  record.

24         Petition's motion for leave to file a supplemental petition (dkt. no. 20) has been

25  fully briefed, as respondents filed a response to the motion on April 11, 2013 (dkt. no.

26  35), and petitioner filed a reply on April 26, 2013 (dkt. no. 38).  Respondents' motion to

27  dismiss (dkt no. 30) has been fully briefed, as petitioner filed a response to the motion

28  on April 26, 2013 (dkt. no. 39), and respondents filed a reply on May 6, 2013 (dkt. no.

41). Leave was not obtained from this Court to file sur-replies, supplements, or documents other than what is permitted in standard motion practice pursuant to Local Rule 7-2, namely, a motion, a response, and a reply. As such, the Court grants respondents' motion (dkt. no. 43) to strike petitioner's "supplement" filed at dkt no. 42. Additionally, the Court denies petitioner's later-filed motion for leave to submit a supplemental response (dkt. no. 45), as good cause has not been shown to deviate from the motion practice permitted by Local Rule 7-2.

### B.     Respondents' Motion to Dismiss the First Amended Petition (dkt. no. 30)

As recited above, by order filed November 20, 2012, this Court granted petitioner's motion to file an amended petition and ordered respondents to respond. (Dkt. no. 18.) In response, respondents argue that the first amended petition (dkt. no. 15) is untimely because the claims in the first amended petition do not relate back to the original petition.  (Dkt. no. 30.)  Respondents further argue that certain grounds of the first amended petition are unexhausted and procedurally defaulted.  (*Id.*)  The Court will address each argument in turn.

#### 1.     Timeliness Under the AEDPA and *Mayle* Relation-back

##### a.     AEDPA Statue of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

5

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) provides for tolling of the AEDPA statute of limitations when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the filing of a federal petition does not toll the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

>   **b.      Timeliness   Analysis   of   Original   Petition   and   First Amended Petition**

In the present case, petitioner's judgment of conviction was entered on April 6, 2007. (Exhibit 33.) The Nevada Supreme Court's order, affirming the conviction on direct review, was filed on October 22, 2008.  (Exhibit 53.) Petitioner had ninety (90) days from that date to seek *certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final 90 days later, on January 20, 2009, at the expiration of the time period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); 28 U.S.C. § 2244(d)(1)(A); Nevada Supreme Court Rules, Rule 13(1). Petitioner then had one year in which to file the federal habeas petition, unless the time was otherwise tolled by federal statute.

Petitioner filed his state post-conviction habeas petition on October 23, 2009, which was 276 days after the finality date of his conviction. (Exhibit 57.) The statute of limitations was tolled during the litigation of petitioner's state post-conviction habeas

1   petition, with 89 days remaining under the AEDPA statute of limitations. Remittitur

2   issued from petitioner's state post-conviction habeas appeal on April 4, 2012. (Exhibit

3   77.) Petitioner dispatched his original federal habeas petition to this Court on April 2,

4   2012. (Dkt. no. 1, at p. 1).[2] Thus, the original federal petition was timely filed.

5     When remittitur issued from the Nevada Supreme Court on April 4, 2012, tolling

6   of the AEDPA statute of limitations ceased. As a result, the limitations period expired

7   eighty-nine (89) days later, on July 2, 2012. The first amended petition was dispatched

8   to this Court on October 22, 2012, containing Grounds 1-9 (dkt. no. 15-1), a

9   supplemental petition containing Grounds 10, 11, and 12 (dkt. no. 15-3, at pp. 1-11),

10   two (2) memoranda in support of his claims (dkt. nos. 15-2 and 15-3, at pp. 13-24), and

11   exhibits consisting of portions of the state court record (dkt. no. 15-3, at pp. 25-124 and

12   dkt. no. 15-4). The first amended petition was filed after the expiration of the AEDPA

13   statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court must determine if

14   the claims raised in the first amended petition relate back to the original petition,

15   pursuant to *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

16       **c. Relation-back Standard under *Mayle***

17     Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to

18   the original pleading only if the acts described in the amended pleading are set forth in

19   the original pleading. Fed. R. Civ. P. 15(c)(2). An amended habeas petition only relates

20   back if the amended claims are tied to the "same core of operative facts" as alleged in

21   the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). In *Mayle*, the petitioner

22   originally raised only a Confrontation Clause claim in his habeas petition, based on the

23   admission of video-taped prosecution witness testimony. 545 U.S. at 648-49. After the

24   one-year AEDPA statute of limitations had passed, petitioner then sought to amend his

25   habeas petition to allege a Fifth Amendment claim based on coercive police tactics

26   _____

27     [2]The federal petition indicates that petitioner mailed his petition on April 2, 2012. (dkt. no. 1, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*,

28   487 U.S. 266, 270 (1988).

1   used to obtain damaging statements from him.  *Id.*  The factual basis for each claim was

2   distinct.  Petitioner then argued that his amended claim related back to the date of his

3   original habeas petition because the claim arose out of the same trial, conviction or

4   sentence.  *Id.* at 659-661.  In rejecting petitioner's argument the Supreme Court held

5   that if "claims asserted after the one-year period could be revived simply because they

6   relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's

7   limitation period would have slim significance." *Id.* at 662.

8        The *Mayle* decision placed particular emphasis on the specific pleading

9   requirement in Rule 2(c) of the Rules Governing Section 2254 Cases in the United

10  States District Courts and the word "occurrences" within Fed. R. Civ. P. 15(c).  The

11  focus of Rule 2(c) of the federal habeas rules and the fact that notice pleading is

12  insufficient to satisfy the specific pleading requirement demonstrates that conclusory

13  allegations from the original petition that do not point to any specific facts that, if proven

14  to be true, would entitle a petitioner to relief may not be relied upon for relation back

15  purposes in the habeas context. *Mayle*, 545 U.S. at 656-61. In other words, the

16  amended claim must rely on a common core of operative facts as the facts pled in the

17  original petition. If the original petition is merely conclusory and fails to point to operative

18  facts — facts that would entitle the petitioner to relief if proven to be true — the

19  conclusory allegations from the original timely petition are insufficient to satisfy *Mayle*'s

20  standard for relation back.

21       The *Mayle* Court's focus on the word "occurrences" and its relationship to the

22  specific pleading requirement demonstrates that the key focus of the *Mayle* standard is

23  whether the claims in an untimely amended petition rely on a factual predicate that

24  differs in time or type from the factual predicate that underlies the claims in the original,

25  timely petition. *Id.; see also Schneider v. McDaniel*, 674 F.3d 1144, 1151-52 (2012).

26  Furthermore, that a claim shares some facts in common with previous claims is

27  insufficient; the entire factual predicate of the amended claim must relate back to the

28  original petition to avoid dismissal under 28 U.S.C. § 2244(d). *Schneider*, 674 F.3d at

1151. Accordingly, any claims relying on a factual predicate that are not related in both time and type to the facts pled in the original petition will not relate back and are time-barred.

### d. Application of *Mayle* Relation-back to First Amended Petition

#### (1) Ground 1

In Ground 1 of the first amended petition, petitioner asserts three main sub-claims: (1) there was insufficient evidence to support his conviction for trafficking in a controlled substance (methamphetamine) on count 1 of the information; (2) counsel was ineffective for not moving to dismiss count 1 of the information, trafficking in a controlled substance (methamphetamine), based on insufficient evidence; and (3) counsel was ineffective for failing to raise a claim on direct appeal challenging alleged defects in the testing procedures used by the State's drug expert. (Dkt. no. 15-1, at pp. 3-5.)

Petitioner raised a similar claim in Ground 3 of the original petition. (Dkt. no. 1, pp. 18-19.) Ground 3 of the original petition challenges the sufficiency of the evidence presented at trial and asserts that trial counsel was ineffective for failing to ask questions during cross-examination of the State's drug expert about the weight of the drugs she actually tested. (Dkt. no. 1, at pp. 18-19.)

The portion of Ground 1 of the first amended petition that there was insufficient evidence to support his conviction for trafficking in a controlled substance (methamphetamine) on count 1 of the information relates back to the original petition, as it is tied to the same core of operative facts.

As noted by petitioner in his opposition (dkt. no. 39), Ground 3 of the original petition incorporates the pleadings attached to the same. (Dkt. no. 1, at p. 19.) Attached to the original petition is petitioner's memorandum of points and authorities in support of his state habeas petition. (Dkt. no. 1, at pp. 58-98; Exhibit 63.) Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure: "A copy of a written instrument that is an exhibit to the pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Rule 12 of the Rules Governing Section 2254 Cases in the United States District

1  Courts provides that: "The Federal Rules of Civil Procedure, to the extent that they are

2  not inconsistent with any statutory provisions or these rules, may be applied to a

3  proceeding under these rules."  Petitioner's memorandum of points and authorities in

4  support of his state habeas petition is considered part of the original petition. *See Dye v.*

5  *Hofbauer*, 546 U.S. 1, 4 (2005) (holding that Fed. R. Civ. P. 10(c) applies to federal

6  habeas corpus proceedings, such that exhibits to the pleading are considered part of

7  the pleading). The memorandum to petitioner's state habeas petition asserts a claim

8  that, "at trial, defense attorneys were ineffective for failure to move the court to dismiss

9  Count I on grounds [that] the prosecution failed to present sufficient evidence that

10  petitioner possessed 28 grams or more of methamphetamine." (Dkt. no. 1, at pp. 95-97;

11  Exhibit 63, at pp. 38-40.) The portion of Ground 1 of the first amended petition that

12  alleges that counsel was ineffective for not moving to dismiss count 1 of the information

13  based on insufficient evidence, relates back to the state habeas petition, which was

14  incorporated into the original petition, as it is tied to the same core of operative facts.

15  As to the portion of Ground 1 of the first amended petition alleging that counsel

16  was ineffective for failing to raise a claim on direct appeal challenging alleged defects in

17  the testing procedures used by the State's drug expert, this claim was also raised in the

18  memorandum to petitioner's state habeas petition, which is attached to the original

19  federal habeas petition. (Dkt no 1, at p. 97; Exhibit 63, at p. 40.) This portion of Ground

20  1 thus relates back to the state petition, which is incorporated into the original petition,

21  as it is tied to the same core of operative facts.

22  Respondents' motion to dismiss the above-discussed portions of Ground 1 of the

23  first amended petition is denied, as the claims relate back to the original petition and the

24  attached memorandum to petitioner's state habeas petition.

25  ### (2)     Ground 10

26  Ground 10 of the first amended petition alleges that counsel was ineffective for

27  failing to object and to move for dismissal of the charge of trafficking in a controlled

28  substance, based on the State's expert commingling the substances from different

1   packages without first testing each individual package. (Dkt. no. 15-3, at p. 3-4.)

2   Ground 3 of the original petition challenges whether the testimony of the State's expert

3   witness was sufficient to sustain a conviction for trafficking because the expert only

4   tested 9 out of 11 packages from exhibit 1-B and did not testify to the actual weight of

5   each package she tested. (Dkt. no. 1, at pp. 18-19.) Ground 3 of the original petition

6   also asserted that counsel was ineffective for not adequately questioning the State's

7   expert regarding the weight of the substances actually tested.  (Dkt. no. 1, at pp. 18-19.)

8   Ground 1 of the original petition included factual allegations inferring that the State's

9   drug expert's testimony regarding the results of her testing may have been inaccurate

10   as a result of her rushing or mislabeling the different packages she tested.  (Dkt. no. 1,

11   at pp. 12-14.)   However, there are no allegations in the original petition asserting that

12   the State's drug expert commingled the substances she tested with substances that she

13   did not test, or that counsel should have entered an objection to the alleged

14   commingling of the substances from trial exhibit 1-B. The allegations in Ground 10 of

15   the amended petition, regarding commingling of substances and counsel's failure to

16   lodge an objection regarding the alleged commingling, are not related in time and type

17   to the facts pled in the original petition.  *Mayle*, 545 U.S. at 656-61; *Schneider*, 674 F.3d

18   at 1151. Ground 10 does not relate back to the original petition and is time-barred.

19   Ground 10 is dismissed with prejudice as untimely.

20                                     **(3)    Ground 11**

21        Ground 11 of the first amended petition asserts a claim of ineffective assistance

22   of counsel for failing to independently investigate the substances petitioner possessed

23   and failing to hire or consult with an expert for independent testing. (Dkt. no. 15-3, at p.

24   6.)  There are no allegations in the original petition that trial counsel failed to

25   independently investigate the substances tested by the State's drug expert, or that

26   counsel should have hired or consulted with an expert for independent testing of the

27   substances in question. (Dkt. no. 1.) The allegation that trial counsel was ineffective for

28   failing to independently investigate the substances petitioner possessed and failing to

hire or consult with an expert for independent testing, are not related in time and type to the facts pled in the original petition. *Mayle*, 545 U.S. at 656-61; *Schneider*, 674 F.3d at 1151. Ground 11 does not relate back to the original petition and is time-barred. Ground 11 is dismissed with prejudice as untimely.

### (4)     Ground 12

Ground 12 of the first amended petition alleges a violation of petitioner's rights to due process, equal protection, a fair trial, and the effective assistance of counsel. (Dkt. no 15-3, at pp. 8-9.) Petitioner bases these claims on allegations that the State failed to maintain the evidence in its original packaging, and that counsel failed to object to the State's failure to maintain the evidence in its original packaging. (*Id.*) These allegations are not contained within the original petition and are not related in time and type to the facts pled in the original petition. *Mayle*, 545 U.S. at 656-61; *Schneider*, 674 F.3d at 1151. Ground 12 does not relate back to the original petition and is time-barred. Ground 12 is dismissed with prejudice as untimely.

### 2.     Unexhausted Claims of the First Amended Petition

### a.     Exhaustion Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy

12

exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief.  *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982).

### b.    Ground 6

In Ground 6 of the first amended petition, petitioner alleges violation of his constitutional rights to due process and a fair trial because of the trial court's admission of evidence that he possessed a number of bottles of Viagra at the time of his arrest. (Dkt. no.15-1, at pp. 19-21.) Respondents argue that this claim is not exhausted

1  because the claim was not federalized when it was presented to the Nevada Supreme

2  Court.

3       To satisfy the federal habeas exhaustion requirement, a petitioner must present

4  his claims in state court as federal claims for relief — otherwise, the claim was not fairly

5  presented to the state courts. *Fields v. Washington*, 401 F.3d 1018, 1021-22 (9th Cir.

6  2005). Federalization may be achieved by citing directly to the federal constitutional

7  provision at issue, or citing federal or state case law applying the applicable federal

8  constitutional provisions. *Id.; see Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir.

9  2004) ("For a federal issue to be presented by the citation of a state decision dealing

10 with both state and federal issues relevant to the claim, the citation must be

11 accompanied by some clear indication that the case involves federal issues. Where, as

12 here, the citation to the case has no signal in the text of the brief that the petitioner

13 raises federal claims or relies on state law cases that resolve federal issues, the federal

14 claim is not fairly presented.").

15      In the instant case, Ground 6 of the first amended petition asserts that

16 petitioner's rights to due process and a fair trial under the United States Constitution

17 were violated due to the trial court's error in allowing the admissibility of the Viagra as

18 an uncharged bad act, and the trial court's failure to give a limiting jury instruction on the

19 consideration of uncharged bad acts. (Dkt. no. 15-1, at p. 19.) Petitioner raised a claim

20 regarding the admissibility of the Viagra on direct appeal, however, the opening brief

21 only cited NRS 48.045 and Nevada cases applying NRS 48.045. (Exhibit 49, at pp. 12-

22 13.) Petitioner's opening brief on direct appeal did not assert that any provision of the

23 United States Constitution compelled exclusion of the evidence in question or giving the

24 jury a limiting instruction on the use of uncharged bad acts. (*Id.*) While petitioner did

25 cite to *Tavares v. State*, 117 Nev. 725, 30 P.3d 1128 (2001), which contains various

26 federal citations, none of the federal cases cited in *Tavares* address a claim that the

27 admission of prior bad acts evidence and the failure to give a limiting instruction on

28 consideration of prior bad acts violates the federal constitution.  Therefore, the federal

1   citations in *Tavares* do not exhaust petitioner's allegation in Ground 6 of the first

2   amended petition that admission of the prior bad acts violated petitioner's due process

3   and fair trial rights under the United States Constitution.  Thus, to the extent that Ground

4   6 asserts that the trial court erred in admitting evidence regarding his possession of

5   numerous bottles of Viagra and failure to give a limiting instruction, this portion of

6   Ground 6 is unexhausted because petitioner presented the issue to the Nevada

7   Supreme Court as only a question of state law.

8                           **c.      Ground 10**

9           Ground 10 of the first amended petition alleges that counsel was ineffective for

10   failing to object and to move for dismissal of the charge of trafficking in a controlled

11   substance based on the State's expert commingling the substances from different

12   packages without first testing each individual package. (Dkt. no. 15-3, at p. 3-4.)

13   Because claims of ineffective assistance of counsel are fact-specific theories for relief,

14   each theory of ineffective assistance of counsel must be independently exhausted; it is

15   not enough to satisfy the exhaustion requirement that the ineffective assistance of

16   counsel claim is based on similar facts to another claim the petitioner raised in state

17   court.  *Kelly v. Small*, 315 F.3d at 1063, 1066, 1068 n.2, *overruled on other grounds by*

18   *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), (noting the importance of factual

19   distinctions between different claims of ineffective assistance of counsel for purposes of

20   exhaustion). Petitioner never presented to the Nevada Supreme Court a claim that

21   counsel was ineffective for failing to object and to move for dismissal of the charge of

22   trafficking in a controlled substance based on the State's expert commingling the

23   substances from different packages without first testing each individual package.

24   (Exhibits 49, 57, 63.) Ground 10 of the first amended petition is unexhausted.

25                           **d.      Ground 11**

26           Ground 11 of the first amended petition asserts a claim of ineffective assistance

27   of counsel for failing to independently investigate the substances petitioner possessed

28   and failing to hire or consult with an expert for independent testing.  (Dkt. 15-3, at p. 6.)

1    Petitioner never raised this claim to the Nevada Supreme Court.  (Exhibits 49, 57, 63).

2    Ground 11 of the first amended petition is unexhausted.

3                              e.      Ground 12

4         Ground 12 of the first amended petition alleges a violation of petitioner's rights to

5    due process, equal protection, a fair trial, and the effective assistance of counsel.  (Dkt.

6    no 15-3, at pp. 8-9.) Petitioner bases these claims on allegations that the State failed to

7    maintain the evidence in its original packaging, and that counsel failed to object to the

8    State's failure to maintain the evidence in its original packaging.  (*Id.*) Petitioner never

9    raised this claim to the Nevada Supreme Court.  (Exhibits 49, 57, 63.) Ground 12 of the

10   first amended petition is unexhausted.

11                     3.      **Procedural Default of *Napue* Claim of Ground 6**

12        In  Ground  6  of  the  first  amended  complaint,  petitioner  alleges  that  the

13   prosecution failed to correct perjured testimony from law enforcement during trial, in

14   violation of *Napue v. Illinois*, 360 U.S. 264 (1959).  (Dkt. no. 15-1, at p. 20.) Specifically,

15   petitioner alleges that officer Barrera's testimony concerning the bottles of Viagra in

16   petitioner's possession was perjury and that the prosecution failed to correct the false

17   testimony.  (*Id.*)

18        The *Napue* claim alleged in Ground 6 of the first amended federal petition must

19   be dismissed because the claim was procedurally defaulted in the state courts, and is

20   barred from review by this Court. "Procedural default" refers to the situation where a

21   petitioner in fact presented a claim to the state courts but the state courts disposed of

22   the claim on procedural grounds, instead of on the merits.   A federal court will not

23   review a claim for habeas corpus relief if the decision of the state court regarding that

24   claim rested on a state law ground that is independent of the federal question and

25   adequate  to  support  the  judgment. *Coleman  v.  Thompson*,  501  U.S.  722,  730-31

26   (1991).

27   ///

28   ///

1    The *Coleman* Court stated the effect of a procedural default, as follows:

2    In all cases in which a state prisoner has defaulted his federal claims in
3    state court pursuant to an independent and adequate state procedural
    rule, federal habeas review of the claims is barred unless the prisoner can
4    demonstrate cause for the default and actual prejudice as a result of the
    alleged violation of federal law, or demonstrate that failure to consider the
5    claims will result in a fundamental miscarriage of justice.

6    *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The

7    procedural default doctrine ensures that the state's interest in correcting its own

8    mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d

9    1039, 1046 (9th Cir. 2003).

10    The *Napue* claim alleged in Ground 6 of the first amended federal petition is the

11    same claim that petitioner raised in his state habeas petition. (Dkt no 15-1, at p. 20;

12    Exhibit 63, at p. 35.) The Nevada Supreme Court ruled that the *Napue* claim in the state

13    petition was barred by NRS 34.810(1)(b), because the claim could have been raised on

14    direct appeal, but was not.   (Exhibit 75, at p. 1, n.2.) The Nevada Supreme Court

15    concluded that petitioner failed to demonstrate good cause or prejudice and that the

16    district court did not err in denying post-conviction relief. (*Id.*) The Ninth Circuit Court of

17    Appeals has held that, at least in non-capital cases, application of the procedural bar at

18    issue in this case — NRS 34.810 — is an independent and adequate state ground. *Vang*

19    *v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d

20    1207, 1210-12 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's

21    holding that the *Napue* claim was procedurally barred under NRS 34.810 was an

22    independent and adequate ground for the court's dismissal.

23    If a claim is procedurally defaulted in state court, federal habeas review is barred

24    unless the petitioner can demonstrate cause for the default and actual prejudice as a

25    result of the alleged violation of federal law, or demonstrate that failure to consider the

26    claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To

27    demonstrate cause for a procedural default, the petitioner must be able to "show that

28    some *objective factor external to the defense* impeded" his efforts to comply with the

state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). In the opposition, petitioner concedes that the *Napue* claim is procedurally defaulted. (Dkt. no. 39, at pp. 8-10.) Petitioner has not asserted any reason for his failure to properly raise this claim on direct appeal in state court. Petitioner has shown neither cause and prejudice, nor that failure to consider the *Napue* claim within Ground 6 of the first amended petition will result in a fundamental miscarriage of justice. The *Napue* claim within Ground 6 of the first amended petition was procedurally defaulted in state court. The claim is barred from review by this Court and is dismissed with prejudice.

### C.   Petitioner's Motion for Leave to File a Supplemental Petition (dkt. no. 20)

On January 18, 2013, petitioner filed a "motion for leave to file a supplement to the supplemental petition." (Dkt. no. 20.) Along with the motion, petitioner filed a proposed "supplement to the supplemental petition." (Dkt. no. 20-1.) In the proposed supplement, petitioner seeks to add four (4) additional grounds to the first amended petition: Grounds 13, 14, 15, and 16. (*Id.*)

The Court agrees with respondents that petitioner's motion should be construed as a motion to amend the first amended petition, rather than a motion to file a supplemental pleading, as petitioner seeks to add additional claims to his first amended petition. *See Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted); *see also U.S. v. Hicks*, 283 F.3d 380, 385-86 (D.C. Cir. 2002) (discussing the difference between amended and supplemental pleadings). Amending a pleading, including a federal habeas petition, is governed by Rule 15 of the Federal Rules of Civil Procedure. Once a pleading has been amended once as a matter of course, pursuant to Rule 15(a)(1), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2). Leave to amend is ordinarily granted unless granting leave would cause undue delay or prejudice, the moving party has a dilatory motive in seeking leave to amend, or the

proposed amendment is futile. *See Caswell v. Calderon*, 363 F.3d 832, 837-40 (9th Cir. 2004). Respondents argue that petitioner's proposed amendments are futile because his proposed amended grounds for habeas relief are untimely and unexhausted.

### 1.    Application of *Mayle* Relation-back to Proposed Grounds

As explained earlier in this order, the AEDPA statute of limitations period expired on July 2, 2012. Petitioner dispatched his "supplement to the supplemental petition" (dkt. no. 20-1) on October 22, 2012, which contains four new grounds for relief. (Dkt. no. 20-1.) The supplement dispatched on October 22, 2012, was filed after the expiration of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court must determine if the claims raised in the proposed supplemental petition relate back to the original petition, pursuant to *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner seeks to add four (4) additional grounds to the first amended petition: (1) Ground 13: Petitioner alleges a Confrontation Clause claim regarding the expert at trial referring to the notes of a different expert that did not testify at trial, and a companion ineffective assistance claim for trial counsel failing to raise an objection to the trial expert's testimony (dkt. no. 20-1, at pp. 3-6); (2) Ground 14: Petitioner alleges a due process claim based on the State allegedly failing to test each packet of heroin and commingling the substances in different packets, and a companion ineffective assistance claim based on counsel's failure to lodge an objection with the court (dkt. no. 20-1, at pp.   8-9); (3) Ground 15: Petitioner alleges insufficiency of the evidence, asserting that the State failed to adequately prove that the five packages allegedly containing heroin actually tested positive as a controlled substance, and a claim that counsel was ineffective for failing to raise this claim on direct appeal (dkt. no. 20-1, at p. 11); and (4) Ground 16:   Petitioner alleges that Nevada's general rule of reserving review of ineffective assistance of counsel claims for post-conviction proceedings violates his rights of due process, equal protection, and to the effective assistance of counsel (dkt. no. 20-1, at pp. 13-14).

The only facts from the original petition that relate to the admissibility of the heroin on the possession with intent to sell charge were allegations in Ground 2 of the original petition that the trial court erred in allowing law enforcement officers to testify that, based on their experience in law enforcement, the packaging of a controlled substance in balloons is an indication of an intent to sell. (Dkt. no. 1, at p. 16.) Also, Ground 2 of the original petition alleged that counsel was ineffective for not objecting to the officer's testimony on the packaging of the drugs. (*Id.*) Proposed grounds 13, 14, 15, and 16, do not relate in type or time to the allegations of the original petition. Additionally, the proposed grounds are unexhausted, as they were never presented to the Nevada Supreme Court, a fact that is over-shadowed by the untimeliness of the grounds. As such, proposed grounds 13, 14, 15, and 16 are time-barred. Allowing petitioner to add time-barred claims to this habeas litigation would be futile, and, therefore, petitioner's motion for leave to file a supplemental petition (dkt. no. 20) is denied.

### 2.    Petitioner's Claim of Denial of Access to Courts

In his motion, petitioner argues that he seeks leave to file a supplemental petition because the system for accessing legal materials at Northern Nevada Correctional Center (NNCC) is inadequate. (Dkt. no. 20, at pp. 2-4.) Petitioner complains that the prison uses a paging system; that he has very limited access to prison law clerks who are instructed not to provide assistance in drafting legal documents; and that he requested materials "on the issue of the state failing to test all of the narcotics evidence and/or on the subject of commingling" from federal and state courts, but he has only found case law from other jurisdictions. (*Id.*, at p. 2.)

Prisoners have a constitutional right of access to the courts that arises under the Due Process Clause of the Fourteenth Amendment. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Id.* at 349-50. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging

1    conditions of confinement.  *Id.* at 354-55.  "An inmate cannot establish relevant actual

2    injury simply by establishing that his prison's law library or legal assistance program is

3    sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step

4    further and demonstrate that the library or legal assistance program hindered his efforts

5    to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate

6    "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."

7    *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to

8    the courts as simply the "right to bring to court a grievance." *Id.* at 354.

9       In the instant case, petitioner cannot demonstrate that he has suffered an "actual

10   injury" regarding this habeas corpus litigation. The form petition for filing a habeas

11   petition in this Court requires a *pro se* litigant to provide the Court with a brief statement

12   of facts addressing why his conviction or sentence is unconstitutional. (Form Section

13   2254 Habeas Petition, at p. 3; Instructions for Filing Petition for Writ of Habeas Corpus

14   pursuant to 28 U.S.C. § 2254). This Court's record demonstrates that petitioner has had

15   the means to file an original habeas petition (dkt. no. 1).  Petitioner later filed a first

16   amended petition containing Grounds 1-9 (dkt. no. 15-1), a supplemental petition

17   containing Grounds 10, 11, and 12 (dkt. no. 15-3, at pp. 1-11), two memoranda in

18   support of his claims (dkt. nos. 15-2 and 15-3, at pp. 13-24), and exhibits consisting of

19   portions of the state court record (dkt. no. 15-3, at pp. 25-124 and dkt. no. 15-4),

20   collectively referred to herein as the "first amended petition." Petitioner has filed a

21   motion for leave to file a supplemental petition (dkt. no. 20), with a proposed

22   supplemental petition containing four new claims (dkt. no. 20-1).  Petitioner has filed

23   legal briefs, oppositions, and replies to several motions.  Petitioner fails to demonstrate

24   how the alleged unavailability of case law has prevented him from asserting his grounds

25   for relief. Petitioner has been given access and has filed petitions, amendments,

26   supplements, memoranda, and has engaged in extensive motion practice.  That many

27   of petitioner's proposed grounds for relief were submitted untimely and that some are

28   also unexhausted and procedurally defaulted is not the result of denial of access to the

1    courts.  Petitioner has failed to substantiate his claim of denial of access to the courts,

2    and the record in this case does not support the conclusion that petitioner is being

3    deprived of access to necessary legal materials.[3]

4         In summary, petitioner's "motion for leave to file a supplement to the

5    supplemental petition," is denied on the basis that the proposed additional grounds for

6    relief do not relate back to the original petition, making amendment futile. Additionally,

7    the Court rejects petitioner's claims of denial of access to the courts.

8    **III.    CONCLUSION**

9         It is therefore ordered that respondents' motion (dkt. no. 43) to strike petitioner's

10   "supplement" is granted. The supplement (dkt no. 42) is hereby stricken from the record.

11        It is further ordered that petitioner's motion to submit a supplemental response in

12   opposition to the motion to dismiss  (dkt. no. 45) is denied.

13        It is further ordered that respondents' motion to dismiss portions of the first

14   amended petition (dkt no. 30) is granted in part and denied in part, as follows:

15        1.      Ground 1 of the first amended petition relates back to the original petition

16   and is timely.

17        2.      Grounds 10, 11, and 12 of the first amended petition do not relate back to

18   the original petition and are untimely.  These grounds are also unexhausted.  Grounds

19   10, 11, and 12 of the first amended petition are dismissed with prejudice as untimely.

20        3.      The portion of Ground 6 of the first amended petition in which petitioner

21   alleges violation of his constitutional rights to due process and a fair trial because of the

22   trial court's admission of evidence that he possessed a number of bottles of Viagra at

23   the time of his arrest is unexhausted and is dismissed without prejudice. The *Napue*

24   claim within Ground 6 of the first amended petition is procedurally defaulted and is

25   dismissed with prejudice.

26   _____

27        [3]Finally, to the extent that the majority of petitioner's complaints regarding access
     to legal materials are limited to Northern Nevada Correctional Center (NNCC), the Court
28   notes that petitioner is no longer incarcerated at NNCC, but rather, is currently
     incarcerated at Southern Desert Correctional Center (SDCC).  (Dkt. no. 44).

1    It is further ordered that petitioner's motion for leave to file a supplemental
2   petition (dkt. no. 20) including proposed grounds 13, 14, 15, and 16, is denied.

3    It is further ordered that respondents shall file and serve an answer to the
4   remaining grounds of the first amended petition within thirty (30) days from the entry of
5   this order. The answer shall include substantive arguments on the merits as to each
6   remaining ground of the first amended petition. No further motions to dismiss will be
7   entertained.

8    It is further ordered that petitioner shall file and serve a reply to the answer,
9   within thirty (30) days after being served with the answer.

10    It further is ordered that any further exhibits filed by the parties shall be filed with
11   a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF
12   attachments that are filed further shall be identified by the number or numbers (or letter
13   or letters) of the exhibits in the attachment.  The hard copy of any additional exhibits
14   shall be forwarded — for this case — to the staff attorney in Reno, Nevada.

15    DATED THIS 7th day of February 2014.

16

17   _____
     MIRANDA M. DU
18   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28